# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

## ***

| | |
|---|---|
| PAUL MISKEY,<br><br>                    Plaintiff,<br><br>vs.<br><br>Andrew Saul, Commissioner of Social Security,<br><br>                    Defendant. | Case No. 2:19-00027-JCM-VCF<br><br>**REPORT & RECOMMENDATION**<br><br>MOTION FOR REVERSAL [ECF NO. 13],<br>MOTION TO REMAND AND FOR ENTRY OF<br>JUDGMENT FOR PLAINTIFF [ECF NO. 17] |

This matter involves Plaintiff Paul Miskey's appeal from the Commissioner's final decision denying Casner social security benefits. Before the Court are Miskey's Motion for Reversal (ECF No. 13) and the Commissioner's Motion to Remand and for Entry of Judgment for Plaintiff (ECF No. 17). For the reasons stated below, the Court recommends denying Plaintiff's motion and granting the Commissioner's motion.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for

1

that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))).   The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).   Substantial evidence is defined as "more than a mere scintilla" of evidence.   *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).   This means such relevant "evidence as a reasonable mind might accept as adequate to support a conclusion."   *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014).

## SUMMARY OF THE CASE

Plaintiff filed an application for widow's benefits on August 2, 2013, requesting benefits beginning in September 2013 (AR 90-92). In his application, Plaintiff reported that he currently received a pension from government work in the amount of $1,012.00 per month (AR 91). The agency awarded Plaintiff monthly widow's benefits beginning in September 2013, in the amount of $373.00 per month (AR 95-97). The award notice explained that Plaintiff's benefits were reduced because Plaintiff received a government pension offset (GPO) for his own work (AR 95). Several months later, Plaintiff requested that the agency reconsider the amount of his award (AR 68-69). The agency issued a notice of change in benefits in February 2014 (AR 99). The notice also indicated that the agency had removed the GPO and retroactively adjusted Plaintiff's benefit amount (AR 99).  Plaintiff would receive a check to compensate his past payments ($3,393) and increased future payments to $1,067 (AR 99).

In July 2015, the agency determined that the GPO should have been applied due to Plaintiff's past work for the State of Nevada, which did not pay into social security; Plaintiff was assessed with a $15,200 overpayment (AR 267-68). Plaintiff subsequently met with the field office regarding the

overpayment and filed a request for reconsideration (AR 104-05, 116-17). In March 2016, Plaintiff filed a request for a hearing before an administrative law judge (ALJ) on the basis that he should be paid benefits without the GPO or, if the ALJ determined there was an overpayment, it should be waived (AR 175-76). The ALJ held a hearing on April 3, 2017 (AR 32-63). In a decision dated August 9, 2017, the ALJ found that Plaintiff had been overpaid and Plaintiff was at fault in causing the overpayment; the ALJ denied Plaintiff's request for waiver (AR 15-22). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review on October 31, 2018 (AR 3-5). Plaintiff then filed this action for judicial review pursuant to 42 U.S.C. § 405(g).

After Plaintiff filed his Motion for Reversal, the parties engaged in settlement negotiations. The Commissioner agreed to remand this case to the Appeals Council to issue a new decision. Plaintiff, through counsel, declined the Commissioner's proposed stipulated voluntary remand. In lieu of an Opposition to Plaintiff's Motion for Reversal (ECF No. 13), the Commissioner file a Motion to Reman pursuant to Sentence Four of 42 U. S. C. Sec. 405(g) and for Entry of Judgment for Plaintiff (ECF No. 17).  Plaintiff opposed the requested remand (ECF No. 19) and the Commissioner replied (ECF No. 21)

## DISCUSSION

The Commissioner concedes that the administrative law judge (ALJ) made legal errors and remand is appropriate to issue an entirely new decision. Plaintiff's case is complicated because he received two government pensions, one based on work that paid into Social Security (a covered pension), and a second based on work that did not pay into Social Security (non-covered) (AR 69). Plaintiff reported in his application that he received a non-covered pension (AR 92), but later provided work stubs for the job where he received a covered pension (AR 71-79). The records reflect that there was confusion about Plaintiff's pensions –whether they were covered or not covered under Social

Security (*Compare* AR 92 *with* AR 99), and the agency had to gather additional documentation from Plaintiff (*e.g.* AR 118-19, 129). Plaintiff's case involves the evaluation of work and financial records, a calculation of monetary resources, and an application of the rules and regulations related to government pension offsets. *See e.g.* 20 C.F.R. § 404.408a; Program Operation Manual (POMS) GN 02608.100-02608.600. As the fact-finder, the agency can gather any additional evidence to evaluate Plaintiff's overpayment claim. Plaintiff argues that he did not receive an overpayment notice (Pl.'s Resp. at 12). The agency can review all of Plaintiff's records to determine if he was not mailed any notices of overpayment.

The Commissioner has requested an opportunity on remand to re-evaluate: 1) whether Plaintiff was overpaid, 2) if Plaintiff was overpaid, whether Plaintiff was at fault, and 3) if Plaintiff was overpaid and without fault, whether recovery would defeat the purpose of Title II or be against equity and conscience under the regulatory factors. The Commissioner requests remand to make appropriate factual findings and take actions that may be necessary to further develop the record. As discussed in the Commissioner's Motion for Remand, the overpayment regulations involve a multi-step process that is fact based. On remand, the Appeals Council should re-evaluate, and gather any evidence as necessary, to determine whether Plaintiff was at fault in light of his argument that he relied on statements from Social Security employees about the nature of his payments (AR 52). The Appeals Council should also re-evaluate whether Plaintiff is entitled to a waiver based on his claim that he relied on statements from agency personnel (AR 52). Plaintiff would have the opportunity to present additional evidence prior to the Appeals Council's decision on these issues. *See e.g.* 20 C.F.R. § 404.984.

At this stage in the proceedings, given the jurisdictional limits on this court's power when reviewing the Commissioner's decisions, the proper resolution is granting the remand requested by the Commissioner.

ACCORDINGLY,

IT IS RECOMMENDED that the Commissioner's Motion to Remand and for Entry of Judgment for Plaintiff (ECF No. 17) be GRANTED.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Reversal (ECF No. 13) be DENIED.

IT IS SO RECOMMENDED.

DATED this 15th day of January, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE