UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAUL MISKEY, | Case No. 2:19-CV-27 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| ANDREW SAUL, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Ferenbach's report and recommendation ("R&R"). (ECF No. 22). Paul Miskey ("plaintiff") filed an objection (ECF No. 26), to which Social Security Commissioner Andrew Saul[1] ("defendant") responded (ECF No. 27).

Also before the court is plaintiff's motion for reversal. (ECF No. 13). In lieu of a response, defendant filed a motion to remand (ECF No. 17), to which plaintiff replied (ECF No. 19). Much to plaintiff's chagrin (*see* ECF No. 26), defendant filed a reply to plaintiff's reply (ECF No. 21).

**I.  Background**

The parties do not object to the factual presentation in the R&R. Therefore, the court adopts the factual representation in the R&R and will detail factual and procedural background in the discussion section of this order as necessary to explain the court's holding.

. . .

. . .

---

[1] Nancy Berryhill was the named defendant while she was Acting Commissioner of the Social Security Administration. (*See* ECF Nos. 1; 6). Andrew Saul is now the Commissioner of Social Security and was automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). (ECF No. 17).

## II. Legal Standard

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); LR IB 3-2. Where a party timely objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id*.

Pursuant to Local Rule IB 3-2(a), a party may object to the report and recommendation of a magistrate judge within fourteen (14) days from the date of service of the findings and recommendations. Similarly, Local Rule 7-2 provides that a party must file an opposition to a motion within fourteen (14) days after service thereof.

## III. Discussion

There are three issues in this case: (1) whether plaintiff's entitlement to widower's benefits is with or without a government pension offset ("GPO"); (2) if he is subject to a GPO and was consequently overpaid, whether plaintiff is "without fault" for the overpayment; and (3) if plaintiff is "without fault," whether it would be against equity and good conscience to recover that overpayment.

Claimants who receive "periodic payments based on his or her own employment in the Federal Government, State or political subdivision that was not covered under Social Security" may receive an offset against their Social Security benefits, known as a "government pension offset." Social Security Handbook § 1836.1. However, there are a variety of exceptions to the GPO. *See id.* § 1836.4.

If a Social Security claimant is overpaid, 42 U.S.C. § 404(a) allows the Commissioner of Social Security to "require such overpaid person or his estate to refund the amount in excess of the correct amount." 42 U.S.C. § 404(a)(1)(A). However, § 404(b) provides that such refund may be waived if the person is "without fault" and "if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." *Id.* § 404(b)(1).

The Social Security Administration must "consider all pertinent circumstances" when deciding whether an overpaid claimant is "without fault." 20 C.F.R. §§ 404.507, 404.510.

In *Quinlivan v. Sullivan*, the Ninth Circuit held that the phrase "against equity and good conscience" requires "a broad concept of fairness to apply to waiver requests, one that reflects the ordinary meaning of the statutory language and takes into account the facts and circumstances of each case." *Quinlivan v. Sullivan*, 916 F.2d 524, 527 (9th Cir. 1990). The Social Security Administration is in the best position to make these determinations, and "it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for that of the agency." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)).

The court has conducted a *de novo* review of the limited record before it and comes to the same conclusion that Judge Ferenbach did: Remand is appropriate to allow the Social Security Appeals Council to develop the record and make a new determination. The court does not have sufficient evidence before it to settle any of the three issues in plaintiff's case. As Judge Ferenbach aptly described:

> Plaintiff's case involves the evaluation of work and financial records, a calculation of monetary resources, and an application of the rules and regulations related to government pension offsets. *See e.g.* 20 C.F.R. § 404.408a; Program Operation Manual (POMS) GN 02608.100-02608.600. As the fact-finder, the agency can gather any additional evidence to evaluate Plaintiff's overpayment claim. Plaintiff argues that he did not receive an overpayment notice (Pl.'s Resp. at 12). The agency can review all of Plaintiff's records to determine if he was not mailed any notices of overpayment.

(ECF No. 22 at 4).

Plaintiff's objection to Judge Ferenbach's R&R fundamentally relies on two arguments. First, plaintiff contends that sentence four of 42 U.S.C. § 405(g) "do[es] not empower the court to grant the Commissioner an 'involuntary' voluntary remand." (ECF No. 26 at 5).[2] Second,

---

[2] Plaintiff makes the same argument regarding sentence six, but neither defendant nor Judge Ferenbach relied on that sentence. (*See* ECF Nos. 22; 26; 27). Accordingly, the court will address only sentence four.

plaintiff argues that "the remedy suggested in the [R&R] is fundamentally unfair and a violation of due process." *Id.* at 14–17.

Sentence four of 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Supreme Court has clarified as follows:

> It is evident from these passages that Congress believed courts were often remanding Social Security cases without good reason. While normally courts have inherent power, among other things, to remand cases, see *United States v. Jones,* 336 U.S. 641, 671 (1949), both the structure of § 405(g), as amended, and the accompanying legislative history show Congress' clear intent to limit courts to two kinds of remands in these cases. *Cf. Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991) (finding no congressional intent to limit a court's inherent authority to impose sanctions).
>
> In light of the foregoing, we conclude that in § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six. Construing remand orders in this manner harmonizes the remand provisions of § 405(g) with the EAJA requirement that a "final judgment" be entered in the civil action in order to trigger the EAJA filing period. 28 U.S.C. § 2412(d)(1)(B). In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable. See § 2412(d)(2)(G). In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.

*Melkonyan v. Sullivan*, 501 U.S. 89, 101–02 (1991).

The court finds that remand is appropriate in light of the "modification" proposed by Judge Ferenbach: "On remand, the Appeals Council should re-evaluate, and gather any evidence as necessary, to determine whether Plaintiff was at fault in light of his argument that he relied on statements from Social Security employees about the nature of his payments (AR 52)." (ECF No. 22 at 4).

Plaintiff's second argument claims that the process for appealing Social Security decisions violates due process because administrative law judges and appeals councils are

James C. Mahan
U.S. District Judge

- 4 -

overworked and frequently come to erroneous decisions. (ECF No. 26 at 14–17). Plaintiff does not cite any legal authority to show that the decision-making and review processes for the Social Security Administration are unconstitutional or violative of due process.

Thus, remanding the instant action to the Social Security Administration to fully develop the factual record—with the modification that plaintiff be entitled to present evidence regarding his reliance on statements from Social Security employees and the appeals council shall consider such reliance in making a new determination—is both constitutional and the most prudent course of action for the court.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Ferenbach's R&R (ECF No. 22) be, and the same hereby is, ADOPTED.

IT IS FURTHER ORDERED that plaintiff's motion for reversal (ECF No. 17) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for remand (ECF No. 13) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the matter of *Miskey v. Berryhill,* case number 2:19-cv-00027-JCM-VCF, be, and the same hereby is, REMANDED to the Social Security Administration for further administrative proceedings consistent with this order and Judge Ferenbach's R&R.

DATED March 16, 2020.

_____
UNITED STATES DISTRICT JUDGE