UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| PAUL MISKEY, | | Case No. 2:19-CV-27 JCM (VCF) |
| | Plaintiff(s), | ORDER |
| v. | | |
| ANDREW SAUL, | | |
| | Defendant(s). | |

Presently before the court is Paul Miskey's ("plaintiff") motion to reconsider. (ECF No. 30). Social Security Commissioner Andrew Saul[1] ("defendant") responded (ECF No. 31), to which plaintiff replied (ECF No. 32).

**I.    Background**

There are three issues in this case: (1) whether plaintiff's entitlement to widower's benefits is with or without a government pension offset ("GPO"); (2) if he is subject to a GPO and was consequently overpaid, whether plaintiff is "without fault" for the overpayment; and (3) if plaintiff is "without fault," whether it would be against equity and good conscience to recover that overpayment.

On March 16, 2020, this court adopted Judge Ferenbach's recommendation (ECF No. 22) and remanded this case to the Social Security Administration for further administrative proceedings. (ECF No. 28). In particular, the court found that it did not have sufficient evidence

---

[1] Nancy Berryhill was the named defendant while she was Acting Commissioner of the Social Security Administration. (*See* ECF Nos. 1; 6). Andrew Saul is now the Commissioner of Social Security and was automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). (ECF No. 17).

**James C. Mahan**
**U.S. District Judge**

1  before it to settle any of the three issues in plaintiff's case.  *Id.*  As Judge Ferenbach aptly
2  described:

> Plaintiff's case involves the evaluation of work and financial records, a calculation of monetary resources, and an application of the rules and regulations related to government pension offsets. *See e.g.* 20 C.F.R. § 404.408a; Program Operation Manual (POMS) GN 02608.100-02608.600. As the fact-finder, the agency can gather any additional evidence to evaluate Plaintiff's overpayment claim. Plaintiff argues that he did not receive an overpayment notice (Pl.'s Resp. at 12). The agency can review all of Plaintiff's records to determine if he was not mailed any notices of overpayment.

9  (ECF No. 22 at 4).

10  Thus, the court found that remand was appropriate to allow the Social Security Appeals
11  Council to develop the record and make a new determination.  (ECF No. 28).  Plaintiff now
12  moves the court to reconsider that decision, arguing that this court's order produces a manifestly
13  unjust and untenable outcome.  (ECF No. 30).

**II.  Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).  A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation."  *Marlyn Nutraceuticals*, 571 F.3d at 880.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

### III. Discussion

Plaintiff does not present this court with newly discovered evidence or any intervening change in controlling law. (ECF No. 30). Plaintiff argues only that this court's order was manifestly unjust and denied him substantial justice.[2] *See generally id.*

Defendant contends that "[r]ather than identify a legal or factual error, [p]laintiff attempts to re-litigate this case, asking the [c]ourt to weigh the evidence and make factual and legal findings." (ECF No. 31 at 2). Indeed, in his motion, "plaiontiff urges the court to review the existing evidence with a view to judicial economy and recognize the useful evidence now in the record." (ECF No. 30 at 4). The court did precisely that when it decided to adopt Judge Ferenbach's recommendation and remand this case.

The Ninth Circuit has explained that, "[g]enerally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura,* 537 U.S. 12, 16 (2002) (per curiam)). In *Benecke*, the court found that remanding a decision for further investigation or explanation was unnecessary when an administrative law judge "specifically addressed the central remaining issue" in the claim. *Id.*

The court's decision in this case does not "create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication" because it does not allow the Social Security Administration a second bite at the apple. *Id.* (citing *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004)). Thus, the court's decision is distinguishable from *Benecke*. In *Benecke*, the Social Security Administration addressed the central concerns in that case and provided the court with a record that allowed it to make a reasoned determination. *See generally id.* It did not in this case. This court noted that it "does not have sufficient evidence before it to settle any of the three

---

[2] Plaintiff contends his motion "includes six grounds enumerated in Rule 59 deemed sufficient to reconsider the [o]rder." (ECF No. 32 at 4 (citing ECF No. 30 at 1–6)). While plaintiff has five headings in his motion, all of them are predicated on manifest injustice or the denial of substantial justice. (*See generally* ECF No. 30). Further, the court notes that Rule 59 does not, in fact, enumerate any grounds that are "deemed sufficient to reconsider" an order. *See generally* Fed. R. Civ. P. 59.

issues in plaintiff's case." (ECF No. 28 at 3).  Therefore, this case should be remanded to the Social Security Administration for additional investigation and explanation, as court explained in its prior order and Judge Ferenbach explained in his recommendation.

Accordingly, the court denies plaintiff's motion for reconsideration.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for reconsideration (ECF No. 30) be, and the same hereby is, DENIED.

DATED August 7, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -